[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 18, 2008
THOMAS K. KAHN
CLERK

-----------------------------------------

No. 07-14497
Non-Argument Calendar

-----------------------------------------

D.C. Docket No. 06-00321-CR-01-CC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NEKYLE CHANEY,

Defendant-Appellant.

-----------------------------------------
Appeal from the United States District Court
for the Northern District of Georgia
-----------------------------------------

**(April 18, 2008)**

Before EDMONDSON, Chief Judge, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Defendant-Appellant Nekyle Chaney appeals his 20-month sentence for violation of supervised release, 18 U.S.C. § 3583(e). No reversible error has been shown; we affirm.[1]

On appeal, Chaney argues that the district court did not adequately explain its reasons for the chosen sentence. He also says that his sentence is unreasonable because the probation officer charged one of his violations as forgery when it also qualified as a lesser, misdemeanor offense: artificially inflating his guidelines range.

We review a defendant's sentence upon revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006). And we evaluate the reasonableness of a sentence using a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007) (in the context of original criminal sentencing).[2]

Upon determining that a defendant has violated conditions of supervised release, a district court may revoke the term of supervised release and impose a term of imprisonment after considering the factors in 18 U.S.C. § 3553(a). 18

---

[1]We originally vacated Chaney's sentence after concluding that the record failed to allow us to evaluate his appellate challenges to the sentence. His case is back on appeal after remand.

[2]The government asserts that, because Chaney did not object to his sentence as procedurally unreasonable after it was imposed, we should review this claim on appeal only for plain error. We need not decide this issue because, even under a reasonableness standard, Chaney's appeal fails.

U.S.C. § 3583(e). Briefly stated, under section 3553(a), the district court should consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7). In the context of revocation of supervised release, the district court must consider the advisory policy statements in Chapter 7 of the Sentencing Guidelines, one of which provides recommended ranges of imprisonment. 18 U.S.C. § 3553(a)(4)(B); United States v. Brown, 224 F.3d 1237, 1242 (11th Cir. 2000). Chaney's recommended guidelines range was 18 to 24 months. See U.S.S.G. § 7B1.4(a).[3]

We conclude that Chaney's sentence is reasonable. The district court heard Chaney's and the government's arguments and noted that, after considering both the Chapter 7 guidelines range and section 3553(a) factors, a 20-month, in-range sentence was appropriate in the light of the facts and circumstances of Chaney's offense. See United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (noting that "ordinarily we would expect a sentence within the Guidelines range to be

---

[3]This range is based on Chaney's original sentencing criminal history score of V and commission of forgery, a Grade B supervision violation.

reasonable"). Contrary to Chaney's assertion, the district court's statement of reasons was sufficient. Rita v. United States, 127 S.Ct. 2456, 2468-69 (2007) (a lengthy explanation is not necessarily required when a judge decides to follow the Guidelines in a particular case, especially where a sentencing judge has listened to the arguments of the parties, considered the supporting evidence, and was aware of the special conditions of the defendant); United States v. Campbell, 473 F.3d 1345, 1349 (11th Cir. 2007) (explaining that "because the Guidelines have always been advisory for sentences imposed upon revocation of supervised release, it is sufficient that there be some indication that the district court was aware of and considered the Guidelines. . .") (internal quotations and citations omitted).

In addition, we conclude that Chaney's sentence substantively was reasonable. Shortly after being released, Chaney committed several violations of his supervised release including, among other things, using cocaine, failing to submit to drug testing and treatment, and failing to report to the probation officer and submit monthly supervision reports. Chaney also committed forgery when he submitted a work ticket with the forged signature of his supervisor.[4] Chaney's contention that his offense also might have been characterized as some lesser offense and that thus, his guidelines range artificially was inflated does not change

---

[4]On appeal, Chaney does not contest that his act constituted a forgery.

our conclusion; the district court is not under an obligation to ignore the more serious offense committed.[5]

On this record, no abuse of discretion has been shown, and we conclude that Chaney's sentence is reasonable.

AFFIRMED.

---

[5]Chaney contends that his offense constituted theft by deception, a misdemeanor, which would have qualified as a Grade C violation of supervised release. In this instance, his guidelines range would have been 7 to 13 months. See U.S.S.G. §§ 7B1.1(a)(2), (3); 7B1.4(a).